Filed 9/29/16  P. v. McClintock CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARTY CURTIS McCLINTOCK,<br><br>    Defendant and Appellant. | F071938<br><br>(Fresno Super. Ct. No. F05901165-1)<br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

**-ooOoo-**

---

\*        Before Levy, Acting P.J., Detjen, J., and Peña, J.

Appointed counsel for defendant Marty Curtis McClintock asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the facts of the case. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In 2004, defendant burglarized his father's house. He was charged with first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)),[1] but he pled guilty to the lesser charge of second degree burglary (§§ 459, 460, subd. (b)). The trial court granted him two years' formal probation with 180 days of jail time.

On June 23, 2015, defendant filed an application for resentencing pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), requesting that the trial court reduce his felony conviction for second degree burglary to a misdemeanor.

On July 6, 2015, the trial court denied the application because defendant's conviction did not qualify for resentencing under Proposition 47. On July 10, 2015, defendant filed a notice of appeal.

## DISCUSSION

On November 4, 2014, California voters enacted Proposition 47, and it went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously

---

[1] All statutory references are to the Penal Code.

2

been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

"Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' (§ 1170.18, subd. (f); see *id.*, subds. (g)-(h).)" (*Id.* at p. 1093.)

Residential burglary is not among the offenses listed in section 1170.18. Thus, defendant is not eligible for relief under Proposition 47. The trial court properly denied his application for resentencing.

We see no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The order denying defendant's application for resentencing pursuant to Proposition 47 is affirmed.